# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6231 | **DATE** | October 15, 2010 |
| **CASE TITLE** | Derrell Little (K-76106) vs. Dr. Williams, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court assesses an initial partial filing fee of $32.47. The Court authorizes and directs the trust fund officer at Plaintiff's place of confinement to deduct the initial filing fee and to continue making deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The Clerk shall issue summonses and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied without prejudice.

■[For further details see text below.]    Docketing to mail notices.

# STATEMENT

     Plaintiff, Derrell Little, an inmate at the Stateville Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

     Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $32.47. The supervisor of inmate trust accounts at the Will County Adult Detention Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Stateville Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

     The court turns to review of the allegations as required under 28 U.S.C. § 1915A.

     Plaintiff alleges that on November 3, 2008, he went to sick-call regarding pain and the secretion of puss in his right ear. Doctor Williams told Plaintiff he had a bacterial infection and prescribed medication. The medication did not work, and on November 17, 2008, his ear now swollen and his hearing impaired, Plaintiff again sought treatment from Dr. Williams. The doctor advised Plaintiff that his condition was a function of yeast and prescribed Tylenol. Plaintiff's ear did not heal, however, and he repeatedly advised Dr. Williams, Dr. Ghosh, and Dr, Zhang in writing that he needed. Plaintiff saw Dr. Zhang on December 8, 2008 and Dr. Ghosh on December 24, 2008; both prescribed medication, but the condition continued. Plaintiff saw Dr. Zhang on December 8, 2008 and Dr. Ghosh on December 24; both prescribed medication, but the condition persisted. When Plaintiff saw Dr. Ghosh again on January 2, 2009, the doctor made a small incision to relieve the pressure and release puss, then stitched the incision and directed Plaintiff to return on January 9. Plaintiff was not returned to sick-call, however, and on January 14, he removed the stitches himself.

     On January 16, 2009, Plaintiff went to the General Surgery Unit of the University of Chicago for his ear. The

| STATEMENT |
|---|

doctor there told Plaintiff that there was nothing she could do because "it" was beyond the scope of the General Surgery Unit and he had to see a neurosurgeon. Although Plaintiff was still in pain and the swelling of his ear and face was obvious, Plaintiff did not receive any further medical attention until January 30, 2009. At that time, Plaintiff was told he would need to be treated at an outside facility. On February 3, 2009, Plaintiff was admitted to the hospital were it was determined that he had a rare infection that had spread and infected his temporal bone and caused fungus and yeast growth. He underwent surgery to treat the infection on February 11, 2009, Plaintiff underwent surgery due to the infection.

These allegations are sufficient to state a non-frivolous claim for relief, and the court concludes that Defendants Williams, Ghosh, and Zhang, must respond to the complaint The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendant or, if represented by counsel, to counsel for Defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion for appointment of counsel is denied without prejudice. Civil litigants do not have a constitutional or statutory right to counsel, *see Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006), but a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)). The court declines to appoint counsel at this time as it appears the case does not at this stage involve complex issues, complex discovery, or an evidentiary hearing. The court grants *pro se* litigants wide latitude in the handling of their lawsuits.